E. P. KING v. D. E. RYAN COMPANY.[1]

February 21, 1930.

No. 27,670.

*Ernest W. Erickson,* for appellant.

*Timerman & Vennum* and *Donald C. Rogers,* for respondent.

[1]Reported in 229 N. W. 348.

HOLT, J.

Defendant appeals from a judgment rendered against it for damages resulting from the refusal to accept a carload of potatoes plaintiff sold to it.

The court found that the contract was made, delivery of the potatoes tendered and refused, and that $900 realized by plaintiff from a sale of the potatoes was the market value at the time and place of defendant's refusal to accept delivery.

Plaintiff dealt in potatoes at Minden, Louisiana, and defendant at Minneapolis, Minnesota. By telegram plaintiff offered a carload on June 4, 1927, and defendant responded by telegram the same day stating:

"Will give you five dollars your track car good quality triumphs. Wire when will ship. Answer early."

The same day plaintiff wired defendant:

"Confirm car good quality Triumphs your wire today will ship seventh have another car can ship ninth wire if can use it will load in ventilated car but will not ice wire quick if can use car to be shipped ninth quality fine."

The same day defendant wired plaintiff:

"Message received. Book car for ninth also."

On June 8 plaintiff telegraphed defendant:

"Car S F R D 8801 loaded with spuds ready to leave today contains two hundred forty one hundred pound sacks have your bank wire First Natl Bank Minden La bank guarantee on this car will rush out today if you can use any more potatoes wire me best offer."

June 9 plaintiff again wired that:

"Car M D T 16834 left yesterday for Minneapolis loading your other car today can furnish you one more car fine quality Triumphs five dollars here wire quick if you want them."

The car to be shipped on the seventh, or the first car attempted to be sold, was accepted. The action relates solely to the car re-

ferred to in the telegram sent by defendant reading: "Message received. Book car for ninth also." That is the second car. Defendant insists that a sale of that car was not effected, since under the custom of the trade a telegram confirming the one just quoted was needed. There was no satisfactory testimony of such a custom in Louisiana, or that the custom testified to applied to others than brokers. This appears to be a sale direct from plaintiff to defendant. Van Dusen-Harrington Co. v. Jungeblut, 75 Minn. 298, 77 N. W. 970, 74 A. S. R. 463, cited by appellant, related to dealings between a broker and a customer. So also is Johnston v. Fairmont Mills (C. C. A.) 129 F. 74. But that aside, the proof of the existence of the custom defendant invokes was not conclusive. The rule is that when a custom or usage of business is relied on to effect a contract the proof thereof must show the custom to be "so well established, general, and uniform, as respects the particular trade or business, that the law would presume knowledge of it." Taylor v. Mueller, 30 Minn. 343, 349, 15 N. W. 413, 44 Am. R. 199. The trial court could well conclude that the custom of confirmation which defendant tried to prove was not established. If there was a contract for the sale of this carload of potatoes it was concluded by defendant's telegram of June 4, saying, "Book car for ninth also," and hence no new terms were injected with reference to that car by the telegram of the 8th of June advising of its loading.

The finding that there were 300 sacks in this car is challenged. And we think properly. The telegram of the 8th, just mentioned, stated the car contained 240 sacks. It is true, plaintiff states in his deposition that in disposing of the car after defendant refused to accept it he sold 300 sacks. Counsel also claims that there is a mistake of the car number. The car that was accepted had the number given in the telegram of June 9, and the one refused the number in that of June 8. In this state of the record and mindful of the fact that the burden was upon plaintiff to prove the quantity in the car, we think the finding is not sustained as to more than 240 sacks.

The finding that the market price of potatoes had dropped to three dollars a 100 pounds when defendant refused them is assailed

388

as unsupported. The proof is weak and indirect, being by deposition. But potatoes are a staple product, and the price realized from their sale, in the absence of any evidence that it was not the best obtainable, might be found by the trier of fact to be the market price of such a commodity. Both parties concede there was a drop in the market price of potatoes between June 4, when the sale of the car was made, and June 9, when defendant refused to accept it. That plaintiff even at the last named date attempted to sell another car to defendant at five dollars a 100 ought not to conclude him on the question of damages, for all agree that there had been a very substantial drop.

The judgment is reversed and the cause is remanded to the trial court to amend the findings as to the contents of the car to 240 sacks instead of 300, and finding damages to correspond.